# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TONYA HARSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 CV 6723 |
| ) | |
| OFFICER A. SARABIA, ACTING CHIEF ) | Honorable Joan B. Gottschall |
| DENARD EAVES, CITY OF HARVEY, and ) | |
| UNKNOWN POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Officer A. Sarabia, Chief Denard Eaves, and the City of Harvey (collectively, "defendants") have moved to dismiss Tonya Harshaw's amended complaint. In the alternative, the defendants have moved for a more definite statement. For the following reasons, the motion is granted in part and denied in part.

### I. BACKGROUND

Harshaw brought this suit against the City of Harvey, its police chief, and several named and unnamed police officers seeking relief under 42 U.S.C. § 1983 for injuries she sustained when Officer Sarabia allegedly attacked her, falsely arrested her, then worked with other officers in an attempt to cover up his misdeeds. (Am. Compl. ¶¶ 8-20.)

### II. LEGAL STANDARD

Rule 12(b)(6) enables a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must "tak[e] all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Santiago v. Walls*, 599 F.3d

749, 756 (7th Cir. 2010) (*quoting Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the plaintiff must provide enough factual allegations to state a claim for relief that is not only conceivable, but "plausible on its face." *Id.* at 555 & 570; *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In addition, Rule 12(e) enables a defendant to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion must identify the "defects complained of and the details desired." *Id.*

### III. ANALYSIS

**A. Whether Counts I, II, III, IV, and VIII should be dismissed for failure to set forth each legal theory in a separate count.**

The defendants argue that Counts I, II, III, IV, and VIII of Harshaw's amended complaint should be dismissed because she violated Federal Rule of Civil Procedure 8(a)(2) by including multiple theories of liability within each of those counts. In the alternative, the defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).

The defendants do not cite any cases for the proposition that Rule 8(a)(2) requires each legal theory to be pled within a different count. *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (*quoting United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991), and noting, "We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .'") And for good reason. Rule 8(a)(2) does not require as much. Rather, Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require Harshaw to separate her legal theories into different counts. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it."); *cf. Tompkins v. Central Laborers' Pension Fund*, No. 09-cv-4004, 2009 WL 3836893, at *2 (C.D. Ill. Nov. 16, 2009) ("[T]he language of Rule 10(b) clearly requires only that claims under 'separate transactions and occurrences' be set forth in separate counts."). As a result, the defendants' motion to dismiss is denied insofar as it requests dismissal of Counts I, II, III, IV, and VIII on this basis. In addition, the defendants' motion for a more definite statement is denied since

3

Harshaw, with some exceptions which will be discussed below, has provided the defendants with enough information to enable them to prepare a response. (*See* Am. Compl. ¶¶ 8-20.)

**B.      Whether Counts III and IV should be dismissed for failure to state a § 1983 conspiracy claim.**

The defendants further argue that Counts III and IV must be dismissed because Harshaw fails to state a § 1983 conspiracy claim in either count. In the alternative, the defendants move for a more definite statement under Rule 12(e).

To state a claim for § 1983 conspiracy, a plaintiff must allege: "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivation of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). As the defendants correctly argue, "[C]ourts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy." *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) (*citing Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002); *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 858-60 (7th Cir. 1999)). A plaintiff should also identify the nature of the alleged conspiracy to "enable [the defendant] to prepare his defense or for the district court to determine whether the claim was within the ballpark of possibly valid conspiracy claims." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).

The defendants argue that Harshaw's amended complaint "lacks any suggestion, beyond mere conclusion, that the Defendants conspired to violate the Plaintiff's constitutional rights." (Mot. to Dismiss at 4-5.) However, Harshaw alleges that Sarabia acted with other unknown officers in battering her, arresting her, then attempting to cover up her injuries. (Am. Compl. ¶¶

8-20.) She provides the parties, the date, the nature, and the general purpose of the alleged conspiracy. (*Id.*)

In contrast, Harshaw does not mention Eaves at all in the section of her amended complaint entitled "Facts Common to All Counts of the Complaint." (Am. Compl. at 3.) Eaves is mentioned in the conspiracy counts only in paragraphs that recite the elements of a § 1983 conspiracy claim in conclusory fashion. (Am. Compl. ¶¶ 33-38, 44.) This is not enough. *Cooney v. Rossiter*, 583 F.3d 967, 941 (7th Cir. 2009) (affirming dismissal of a complaint for failure to state a § 1983 conspiracy claim where the complaint, "though otherwise detailed, is bereft of any suggestion, beyond a bare conclusion, that the remaining defendants were leagued in a conspiracy with the dismissed defendants.").

As a result, the defendants' motion to dismiss Counts III and IV is granted without prejudice as to Eaves, but denied as to Sarabia. Given the dismissal without prejudice of Counts III and IV as to Eaves, the court denies as moot the defendants' motion for a more definite statement insofar as it seeks a more definite statement of Counts III and IV as to Eaves. In addition, the court denies the defendants' motion for a more definite statement of Counts III and IV as to Sarabia because, as discussed above, Harshaw has alleged sufficient facts to enable Sarabia to respond.

**C.    Whether Harshaw fails to state a claim against Eaves in his individual capacity.**

The defendants argue that Harshaw fails to state a claim against Eaves in his individual capacity. In the alternative, the defendants move for a more definite statement. To state a claim against a government officer in his individual capacity, a plaintiff must allege that the officer was personally involved in causing "'the deprivation of a federal right'" *Luck v. Rovenstine*, 168

F.3d 323, 327 (7th Cir. 1999) (*quoting Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d. 301 (1991)).

In Count VII of Harshaw's amended complaint, she seeks relief under § 1983 for Eaves' failure to intervene and prevent Sarabia's falsification of reports and failure to produce exculpatory evidence. However, except for her demand for judgment against Eaves, Eaves is not mentioned at all in this count and is only mentioned in the paragraphs incorporated by reference into this count in conclusory statements included in Counts III and IV (which the court has dismissed without prejudice as to Eaves). (*See* Am. Compl. at 9-10.) Given this, Harshaw has failed to allege that Eaves was personally involved in failing to intervene. Count VII is dismissed without prejudice as to Eaves. Given this, the defendants' motion for a more definite statement of Count VII as to Eaves is denied as moot.

Count VIII of Harshaw's amended complaint purports to be a claim for "supervisory liability" under § 1983. However, "a supervisor is not liable for the acts of her subordinates under § 1983 unless [he] was aware of and approved [his] employees' conduct." *Sides v. City of Champaign*, 496 F.3d 820, 827 (7th Cir. 2007) (*citing Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). Harshaw fails to make such an allegation except where she alleges in Count VIII, "Defendant Eaves, or an unknown officer acting in a supervisory capacity specifically directed Defendant Sarabia and other unknown officers to destroy, hide, or otherwise fail to provide exculpatory evidence and directed or approved the falsification of reports, complaints, and documents relating to the arrest of Plaintiff, her injuries, and her treatment while in custody." (Am. Compl. ¶ 56.) Since a person cannot direct another to do something without being aware of the conduct that they are directing the person to do, Harshaw has alleged that Eaves was aware of and approved of his officers' conduct. As a result, Count VIII does not fail on this basis.

Since Harshaw specifies conduct on the part of Eaves of which she complains, the defendants' motion for a more definite statement of Count VIII is denied.

**D.     Whether Harshaw's amended complaint should be dismissed insofar as it names Eaves in his official capacity**

Lastly, the defendants argue that Harshaw's amended complaint should be dismissed as redundant insofar as it names Eaves in his official capacity. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Here, the City of Harvey has received notice and has responded (with the instant motion to dismiss). Nevertheless, Count VIII – the only count that survives as to Eaves – is not redundant. Harshaw does not name both the City of Harvey and Eaves as the parties from whom she seeks relief in Count VIII. Rather, Harshaw only names Eaves. *See Johnson v. Vill. of Sandoval, Ill.*, No. 07-CV-0191-MJR, 2008 WL 961563, at *3 (S.D. Ill. April 8, 2008) (declining to dismiss all claims against the defendants in their official capacities where, "[t]he level of redundancy alleged by the Defendants does not exist within the individual counts" since "Johnson alleges six separate counts in the instant action, each based on a separate theory or federal statute. The Village of Sandoval is the only party against whom Counts 1, 2, and 3 are alleged. There are no allegations against the Village of Sandoval in Count 4 or 6. Only Count 5 includes both the Village of Sandoval and the individual Defendants in their official capacities.") Accordingly, Count VIII survives.

## IV.    CONCLUSION

For the reasons stated above, the defendants' motion to dismiss Harshaw's amended complaint is granted in part and denied in part. Counts I, II, and VIII survive. Counts III and IV

are dismissed without prejudice as to Eaves, but survive as to Sarabia. Count VII is also dismissed without prejudice as to Eaves. If Harshaw would like to re-plead her Counts III, IV, and VII so that they properly state claims as to Eaves, she may file a second amended complaint within 21 days. The defendants' motion for a more definite statement is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 19, 2011